**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**DE'ANDRE HOPSON**                                                                                          **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 3:12-CV-505-S**

**KENTUCKY BAR ASS'N et al.**                                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, De'andre Hopson, *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DN 3). The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

This matter now stands submitted for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**I. FACTS**

Plaintiff names as Defendants the Kentucky Bar Association, a number of attorneys, (private attorneys, prosecuting attorneys, and state-court judges), and Benny Berry, a private citizen.[1] He alleges that he has been discriminated against because of his race and his disability and mentions the "Civil Rights (1964) Act." It appears that Plaintiff has pending criminal charges against him in Kentucky state court and also has been involved in several civil state-court suits and that at different times during the course of these actions he has hired various of the private attorneys listed as Defendants. He alleges that he has been used for his money and

---

[1] The private attorneys who are named Defendants are "Ahren" Whaley, Scott Barton, Frank "Miscagni," Keith "Kamniesh," Karl Truman, Casey McCall, Tim McCall, Scott Cox, Sam "Auguair," Robert "Shadd," and Neil Roy. The prosecutors whom he names as Defendants are "Ryan" Conroy, "Jhon Blavenijich," and Dana Cohen. The state-court judges whom he names as Defendants are "[Judge] Susan Gibson" and "[Judge Charles] Charlie Cunningham."

that they "railroad[ed]" him for the opposing party knowing that the charges on him were false and refused to do his wishes in court. He also alleges that "two of these attorneys openly lie to courts bout helping Gary Huffman indite me illegally to grand jury claiming to federal court to Judge Coffman to release warrant off Benny Berry to turn and get seal put on case to prosecute me off a lie."

Much of Plaintiff's allegations against the private attorneys who represented him in the past involve dissatisfaction with their handling of his case or not following his instructions. He does allege that Defendants Cox and Tim McCall "were used to get federal warrant tooken off Benney Berry, who was a fugitive on run cause of guilt. Attorneys lied to federal judge to get me put under investigation so I could be charged instead of real perpatrater."

Plaintiff attaches to his complaint over a hundred pages of exhibits. As relief, Plaintiff requests that triple attorney's fees be returned, that Defendants be disbarred, that a public announcement be made as to attorneys' wrongdoings, that he be awarded $1,000,000 in damages for emotional distress, and that federal charges be applied to the correct parties.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Civil Rights Act of 1964*

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction."  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005).  Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Here, Plaintiff cites to the Civil Rights Act (CRA) of 1964, a federal statute which does confer jurisdiction on this Court to hear certain types of claims.  However, nowhere does Plaintiff make allegations that would fall within the ambit of that Act.

Plaintiff does not specify the Title of the CRA under which he brings his claims.  The Act guarantees equal voting rights by removing registration requirements and procedures biased against minorities, 42 U.S.C. § 1971(e); prohibits segregation or discrimination in places of

3

public accommodation involved in interstate commerce, 42 U.S.C. § 2000a; deals with the desegregation of public schools, 42 U.S.C. § 2000c *et seq.*; mandates nondiscrimination in the distribution of funds under federally assisted programs, 42 U.S.C § 2000d; and bans discrimination by trade unions, schools, or employers involved in interstate commerce or doing business with the federal government, 42 U.S.C. § 2000e *et seq*. None of these titles of the CRA have any bearing on the allegations in Plaintiff's complaint.

Additionally, nowhere in Plaintiff's complaint does he explain what his "disability" is or allege that any of Defendants' actions were taken because of his race. Although he states in a conclusory manner that this is a "discrimination complaint of my race <u>black</u> also my <u>disability</u>" (emphasis in original), he makes no allegations of how he was discriminated based on race or disability.

In addition to his complaint not stating a claim under the CRA, Plaintiff's claims against the state-court judges and the prosecuting attorneys must be dismissed for the additional reasons explained below.

### *State-court judges*

Plaintiff's claims against the state-court judges, Judges Gibson and Cunningham, must be dismissed because monetary damages against the state judges are barred by the doctrine of absolute judicial immunity, under which judges are immune from monetary liability for decisions made within the scope of their official functions. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Plaintiff's claims for injunctive relief against these Defendants, although not barred by the doctrine of judicial immunity, also do not succeed. The only injunctive relief he seeks which would apply to the

state-court judges is "for courts to take of[f] false charges to allow me freedom of embarrassments." He seems to be referring to pending state-court charges against him. "[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff has a pending criminal case, over which the state has an important interest in adjudicating, and this Court will not interfere with that on-going Kentucky state-court proceeding. Plaintiff's claims against Judges Gibson and Cunningham for injunctive relief also fail to state a claim.

*Claims against prosecuting attorneys*

Plaintiff's claims against the prosecutorial defendants, Defendants Conroy, "Blavenijich," and Cohen, are also barred by immunity. In broad terms, Plaintiff's claims against the prosecutorial defendants relate to their conduct in their role as advocates. To the extent the prosecutorial defendants were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, they enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were

5

absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Therefore, Plaintiff's claims against Defendants Conroy, "Blavenijich," and Cohen will be dismissed based on immunity as well.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's complaint.

Date: August 31, 2012

Charles R. Simpson III, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4411.009